Appeal from so much of an order of the Supreme Court at Special Term, entered December 14, 1949, in New York County, as denied (1) a motion by plaintiff for an examination before trial of defendant as an adverse party with respect to one of the items of the proposed examination, (2) a motion by plaintiff for an examination before trial of certain witnesses, and (3) a motion by plaintiff for an order striking out for insufficiency the second affirmative defense, contained in the answer.

Per Curiam:

In view of all the circumstances in this case, including the allegations that the attorneys participated in the acts of which the plaintiff complains, we deem that the motion for examination of the defendant and its attorneys before trial should have been granted in its entirety. If any privilege is claimed, it may be asserted upon the examination.
*761 As to the defense of limitations based on the provisions of the Commercial Rent Law (L. 1945, eh. 3, § 11, as amd. by L. 1949, ch. 534, § 1), this special Statute of Limitations provides as follows: “Nothing contained in this act shall create any claim or cause of action in favor of a tenant against a landlord to recover moneys paid as rent for commercial space for a period prior to the twenty-fourth day of January, nineteen hundred forty-five; nor shall any cause of action in favor of a tenant against a landlord which shall have been or shall be created by this act be instituted unless begun within one year after the cause of action accrued except that in the case of any such cause of action accrued prior to the date upon which this section as hereby amended shall take effect, such cause of action shall be barred unless begun within one year from such date.”
This statute became effective on April 11, 1949. The present action was commenced on September 12, 1949. The complaint seeks to recover sums allegedly paid in excess of the emergency rent for commercial space occupied by the plaintiff between September, 1946, and July, 1949.
It is clear that at least part of the plaintiff’s claim arose within a year from the time of commencement of the action, and to this extent it would not be barred under any construction of the statute aforesaid. Furthermore, as we read the statute, any cause of action which had accrued prior to the effective date of the amendment and was not then, barred by the applicable Statute of Limitations was preserved for one additional year from that date. The parties do not discuss what prior Statutes of Limitation were applicable. If the defendant claims that there was any such statute barring any part of the plaintiff’s cause of action, it may plead such statute as a partial defense.
The order should be reversed and the motion granted, with leave to the defendant to plead anew with respect to the Statute of Limitations as indicated herein. Settle order on notice.
Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed and the motion granted, with leave to the defendant to plead anew with respect to the Statute of Limitations as indicated in the opinion herein. Settle order on notice.